IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN EDWARD MAYO, JR, and**
**KRM, a minor, by and through her next**
**Friend, J.E. Mayo, Jr.**                                                                 **PLAINTIFFS**

v.                                      Case No. 4:25-cv-0897-JM

**JEFFERSON COUNTY, ARKANSAS,**
**by and through the Jefferson County Circuit**
**Clerk's Office; DUB BRASSELL ADULT**
**DETENTION CENTER; CITY OF PINE BLUFF,**
**ARKANSAS, by and through its Police Department;**
**ARKANSAS CHILDREN'S HOSPITAL; and**
**ARKANSAS CRIME INFORMATION CENTER (ACIC)**           **DEFENDANTS**

**ORDER**

John Edward Mayo, Jr. brought this *pro se* complaint on his and his minor child, KRM's, behalf asserting federal question jurisdiction. (Doc. 2 at 3). The law requires that the Court screen the Complaint. 28 U.S.C. § 1915(e)(2).

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

There are problems with Mayo's complaint that cannot be overcome. First, some background. A public records search reveals that Mayo pleaded nolo contendere in October 2021

in Jefferson County Circuit Court to the second-degree sexual assault of a seven-year old girl. *State v. Mayo*, 35CR-21-110 (Jefferson County) (Plea Agreement & Amended Sentencing Order). He was sentenced to 84 months' suspended imposition of sentence and required to register as a sex offender. (*Id.*). This background provides much needed context to Mayo's current allegations.

Mayo sues the City of Pine Bluff, Jefferson County, the Dub Brassell Adult Detention Center, Arkansas Children's Hospital (ACH), and the Arkansas Crime Information Center (ACIC) on his and his daughter's behalf. (Doc. 2). KRM is ill and seeking treatment at ACH. (Doc. 2, 5). It is clear that Mayo believes his criminal background was somehow accessed by ACH and that, as a result, ACH has flagged his daughter's files to indicate his status and has unfairly placed restrictions on him when he is on the property caring for KRM. (Doc. 2–15). Mayo also cursorily alleges that, while housed at the Dub Brassell Detention Center, he was denied ADA accommodations, "subjected to unsafe conditions, and given antipsychotic medication without medical necessity." (Doc. 2 at 5). He further suggests that the Jefferson County Clerk "left sealed case information publicly accessible" resulting in in the Pine Bluff Police Department refusing to recognize a fraud committed against him. (*Id.*). He seeks damages, asks that defendants be required to honor his parental rights, and that ACH rescind any restrictions it has in place on his presence with his daughter on its property for medical care. (Doc. 2 at 5, Doc. 12).

Foremost, as a nonlawyer, Mayo cannot raise claims on his daughter's behalf because doing so would constitute the unauthorized practice of law. *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (*per curiam*) ("Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves."). Neither the ADA nor the Rehabilitation Act create an exception to this rule. *Smith v. SSA*, No. 5:23-cv-5222 (W.D. Ark.), 2024 WL 459091, *3 (citing cases). Thus, because Mayo is not an

2

attorney, his filings constitute the unauthorized practice of law and all filings are a nullity. *Bass ex rel. L.B. v. State*, 93, Ark. App. 411, 413-414 (2005) (holding that a non-lawyer father's attempt to appeal on behalf of his minor child constituted the unauthorized practice of law); *McKibben v. Mullis*, 90 S.W.3d 442, 450 (Ark. App. 2002). This "defect" cannot be cured through an amended pleading filed by a licensed attorney. *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951 (8th Cir. 2005).

Even if the Court narrowed its focus only to Mayo's claims, they are insufficiently pleaded. *Iqbal*, 556 U.S. at 678. He has offered no facts in support of his allegations that the City, County, or ACIC left sealed information publicly accessible or that ACH somehow unlawfully accessed that information. Only the probable cause affidavit, presumably naming the victim and events supporting the conviction, was sealed. *State v. Mayo*, 35CR-21-110 (Order, March 8, 2021). In fact, Mayo's criminal case and resulting sentencing documents remain public records, and Mayo is a registered sex offender. That ACH may have knowledge of that and understandably restricted his access to KRM when on its property is understandable and not in violation of the law. Further, Mayo has offered no facts surrounding his conditions of confinement claims while housed at the detention center or facts supporting his claims that the police refused to pursue fraud claims on his behalf.

Accordingly, the Complaint is DISMISSED without prejudice for failing to state a claim on which relief can be granted. Mayo's pending motions (Doc. 1, 3, 5–13, 15) are DENIED as MOOT. The Clerk is directed to close this case. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 15th day of September, 2025.

                                                                                                _____
                                                                            UNITED STATES DISTRICT JUDGE